No. DA 06-0010

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 326N

ELAINE SUSAN SAMUEL,

        Petitioner and Respondent,

    v.

JAMES GIBSON BOSLOUGH,

        Defendant and Appellant.

APPEAL FROM:    The District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 2004-1517,
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            George T. Radovich, Attorney at Law, Billings, Montana

        For Respondent:

            Jill Deann LaRance, LaRance & Syth, P.C., Billings, Montana

            Richard Ducote, Attorney at Law, Pittsburgh, Pennsylvania

Submitted on Briefs:  October 18, 2006

Decided:  December 12, 2006

Filed:

                                    Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 James Gibson Boslough (Boslough) appeals from the District Court's Order Denying Amended Petition for Modification entered on November 8, 2005. In its decision, the court denied Boslough's request for modification of his child support obligation. The court determined that Boslough had failed to provide any evidence that he could not be fully employed, therefore, by semi-retiring, he became voluntarily underemployed with the result that full-time income was appropriately imputed to him under Admin. R. M. 37.62.106; and Rule 4(6)-(7), Montana Child Support Guidelines. The court also found that Boslough had made no showing of changed circumstances so substantial and continuing as to make the previous determination of child support unconscionable under § 40-4-208(2)(b)(i), MCA. With respect to Boslough's request to amend the parenting plan, the court concluded that Boslough had failed to provide any evidence that a change had occurred in the circumstances of the children making an amendment to the existing parenting plan necessary to serve the best interests of the children under § 40-4-219(1), MCA.

¶3 Having reviewed the record in this matter, we have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended

2

in 2003, which provides for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the appeal is without merit because the court's findings of fact are supported by substantial evidence, and because the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶4     Accordingly, we affirm the District Court's Order Denying Amended Petition for Modification entered November 8, 2005.


                                        /S/ JAMES C. NELSON


We Concur:

/S/ KARLA M. GRAY
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JIM RICE

3